**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **TEXAR FEDERAL CREDIT UNION** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:23-CV-56-RWS-JBB** |
| | § | |
| **WELLS FARGO BANK, N.A., ET AL.** | § | |

---

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

---

The above-referenced case, though originally filed in state court, was removed to this Court on the purported basis of federal diversity jurisdiction. The case was then referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. Before the Court is the following pending motion:

**Plaintiff's Motion to Remand and Brief in Support of Motion (Dkt. No. 6).**

The Court, having reviewed the relevant briefing, recommends Plaintiff's motion be **DENIED**.[1] As explained herein, removal is proper because Defendant has met its burden by setting forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000. Furthermore, Plaintiff has not shown it is legally certain its recovery will not exceed $75,000.

---

[1] The Fifth Circuit Court of Appeals holds the uniform view that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Bar-B-Que Depot, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. 1:19-CV-625, 2020 WL 5536010, at *1 (E.D. Tex. Aug. 11, 2020), *report and recommendation adopted*, No. 1:19-CV-625, 2020 WL 5534654 (E.D. Tex. Sept. 14, 2020) (quoting *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (joining the "uniform view of the courts of appeals that have considered this question[.]")).

## I.  BACKGROUND

On April 28, 2023, Texar Federal Credit Union ("Plaintiff") initiated this case in the Bowie County Court at Law of Bowie County, Texas, raising claims against Wells Fargo Bank, N.A. ("Defendant") and WellsFargo Capital Management LLC[2] for breach of warranties pursuant to Texas Business & Commerce Code § 4.207, money had and received, conversion, and negligence. The allegations in the state court petition relate to a cashier's check in the amount of $59,450.00 drawn on an account of Plaintiff's customer, which Plaintiff alleged was unlawfully altered and deposited to an account at Wells Fargo. According to Plaintiff, Defendant denied Plaintiff's request to return the check and enforced payment of the altered instrument, asserting Plaintiff did not timely take all actions necessary to recover payment. *See* Plaintiff's Original Petition (Dkt. No. 3), ¶¶ 7-14.

Plaintiff specifically alleged its damages are in the "sum or value of $59,450.00, exclusive of interest and costs." *Id*., ¶ 37. Plaintiff further alleges it is entitled to recover all costs and reasonable and necessary attorneys' fees incurred by and on behalf of Plaintiff as provided by Chapter 38 of the Texas Civil Practice and Remedies Code. *Id*., ¶ 39.

Defendant removed the case to this Court based on diversity jurisdiction, alleging that Plaintiff is a citizen of Texas, Defendant is a citizen of South Dakota, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Dkt. No. 1 at 3. Plaintiff now moves to remand, asserting Defendant has not met its burden to establish the amount in controversy exceeds $75,000.00, required to support diversity jurisdiction. Dkt. No. 6 at 2.

---

[2] WellsFargo Capital Management LLC was dismissed from the state court lawsuit without prejudice on May 31, 2023. Dkt. No. 1-8.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). With certain exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 7–8, 103 S. Ct. 2841, 2845, 77 L. Ed. 2d 420 (1983) (quoting 28 U.S.C. § 1441).

Removal of an action to a federal court is proper when a civil action brought in state court would otherwise be within the original jurisdiction of the federal courts. *Sowell v. W. Mut. Ins. Co*., No. SA-22-CV-01283-JKP, 2023 WL 157791, at *1 (W.D. Tex. Jan. 11, 2023) (citing 28 U.S.C. § 1441). Following removal, an opposing party may move to remand the action to state court. *Kaiser v. State Farm Mut. Auto. Ins. Co.*, No. A-21-CV-01099-RP, 2022 WL 2719631, at *1 (W.D. Tex. Jan. 21, 2022), *report and recommendation adopted*, No. 1:21-CV-1099-RP, 2022 WL 2761369 (W.D. Tex. Feb. 17, 2022) (citing 28 U.S.C. § 1447(c)). Upon examination of a motion to remand, any doubt as to the propriety of removal and any ambiguities should be resolved in favor of remand to state court. *Id.* (citing *Mumfrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 397 (5th Cir. 2013); also citing *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc*., 477 F.3d 320, 323 (5th Cir. 2007))). The party seeking to assert federal jurisdiction, in this case the defendant, has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are

3

evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (citation omitted).

### III. DISCUSSION

**A.    Notice of Removal**

Defendant filed its Notice of Removal, alleging that removal was proper on diversity jurisdiction grounds under 28 U.S.C. § 1332(a). Dkt. No. 1, ¶ 8. The general diversity-jurisdiction statute provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (quoting 28 U.S.C. § 1332(a)). Because the parties do not dispute diversity of citizenship and the Court is satisfied that complete diversity exists, the only issue is whether the amount in controversy is satisfied.[1]

---

[1] Section 1332 does not provide further guidance on how to determine the amount in controversy, but other statutory provisions do. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022). Section 1446(c)(2) provides as follows:

> (c) Requirements; removal based on diversity of citizenship.—
> ...
>
> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> >
> > (i) nonmonetary relief; or
> >
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance

### B.    Applicable law

"There is a framework for resolving disputes over the amount in controversy. If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith."[2] *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022); *see also Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (28 U.S.C. § 1446(c)(2) "thus sets a general rule that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy'" (quoting 28 U.S.C. § 1446(c)(2))). But 28 U.S.C. § 1446(c)(2) "provides two exceptions to that general rule: (i) the plaintiff's operative state-court pleading at the time of removal seeks nonmonetary relief; or (ii) that pleading seeks a money judgment, and the State 'does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Durbois*, 37 F.4th at 1056 (quoting 28 U.S.C. § 1446(c)(2)(A)).

> If either exception is shown, then the defendant's [plausible] amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. When the defendant's allegation is questioned, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

---

> of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*Id.* (quoting 28 U.S.C. § 1446(c)).

[2] In Texas, a petition must contain a statement the party seeks damages within predefined ranges. *Kaiser v. State Farm Mut. Auto. Ins. Co.*, No. A-21-CV-01099-RP, 2022 WL 2719631, at *2 (W.D. Tex. Jan. 21, 2022), *report and recommendation adopted*, No. 1:21-CV-1099-RP, 2022 WL 2761369 (W.D. Tex. Feb. 17, 2022) (citing TEX. R. CIV. P. 47(c)). When seeking non-monetary and monetary relief, the lowest damages pleading amount under the Texas Rule 47 is $250,000.00. *Id.* However, "[n]othing in the plain text of this Rule prevents a plaintiff from demanding damages up to but no higher than a stated amount." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortgage Inv. Tr. 20054 Mortgage Backed Notes*, 37 F.4th 1053, 1059 (5th Cir. 2022). After the 2013 amendment, Rule 47 contemplates pleadings that "specify the *maximum* amount claimed," indicating that Rule 47 permits the claiming of specific sums. *Id.* at 1060 (emphasis original).

*Feinberg v. Costco Wholesale Corp.*, No. 3:23-CV-1157-BN, 2023 WL 5604179, at *3 (N.D. Tex. Aug. 29, 2023) (quoting *Durbois*, 37 F.4th at 1056 (cleaned up in *Feinberg*)).

Further, "[i]f the petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Feinberg*, 2023 WL 5604179, at *3 (quoting *Guijarro*, 39 F.4th at 314 (cleaned up in *Feinberg*)).

> As noted, the removing defendant bears the burden of proof, and
>
> [t]he defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Id.* (quoting *Guijarro*, 39 F.4th at 314 (cleaned up in *Feinberg*)). The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up in *Feinberg*)).

"If the defendants can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs." *Id.* (quoting *McCauley v. Kroger Co.*, No. 3:19-cv-2673-D, 2020 WL 208816, at *2 (N.D. Tex. Jan. 14, 2020) (citation omitted); *accord In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (explaining that "a plaintiff is required to establish legal certainty whenever the [removing] defendant has established by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount" (cleaned up in *Feinberg*))).

**C.    Analysis**

**1.      Whether it is "facially apparent" that the claims are likely to exceed $75,000**

Plaintiff has stated a specific amount of damages in the "sum or value of $59,450.00, exclusive of interest and costs." Dkt. No. 1, ¶ 37. Defendant does not argue that Plaintiff's specific damages allegation is not permitted under Texas state law or that Plaintiff's petition seeks nonmonetary relief that would alter the analysis. *See* 28 U.S.C. § 1446(c)(2)(A)(i)-(ii). Thus, if Plaintiff made only the good faith demand for $59,450.00, that would control. However, Plaintiff also pleads it is entitled to recover an unspecified amount of attorneys' fees as provided by Chapter 38 of the Texas Civil Practices and Remedies Code. Dkt. No. 1, ¶ 39.

Therefore, the issue before the Court is whether it is more likely than not that Plaintiff's damages, including its unspecified attorneys' fees, exceed the jurisdictional amount. *Allen*, 63 F.3d at 1335 (noting a court can determine that removal was proper "if it is facially apparent that the claims are likely above" the requisite amount). Attorney's fees are included in the amount in controversy when assessing the jurisdictional amount if they are provided for by contract or state statute. *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017) (noting an award of reasonable attorney's fees is mandatory under Texas Civil Practice & Remedies Code § 38.001 if the plaintiff recovers damages for a breach of contract claim); *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). This can include "potential fees" associated with taking the case through trial. *Wilmington Sav. Fund Soc'y v. Dunn*, No. 4:22-CV-01342, 2023 WL 4468153, at *2 n. 1 (S.D. Tex. July 10, 2023) (citation omitted). Although Defendant's state court answer denies that Plaintiff is entitled to an award of attorneys' fees either contractually or by statute, Dkt. No. 4, ¶ 10, the parties' briefing on the motion to remand presumes that attorneys' fees could be recoverable if Plaintiff were to prevail. Thus, attorneys' fees will be considered part of the amount in controversy.

When specific damages alleged do not meet the $75,000 threshold, it must be "facially apparent" that the unspecified claim (here, the claim for attorneys' fees) exceeds the jurisdictional amount.[3] *Boissier v. Katsur*, 676 Fed. Appx. 260, 262 (5th Cir. 2017) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). While Plaintiff is correct that the petition did not specify the amount of fees at issue, Dkt. No. 6 at 4, Defendant may meet its burden by submitting "summary judgment-type" evidence to ascertain the amount in controversy. *Greenberg*, 134 F.3d at 1253; *see also Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002)).

2.    **Whether Defendant's summary judgment-type evidence sets forth the facts in controversy that support a finding of the requisite amount**

Defendant submits a declaration stating Plaintiff's unspecified claim for attorneys' fees would be expected to total at least $16,000.00 up to trial, and that amount plus the amount of damages placed in issue by Plaintiff in the petition ($59,450.00), meets the amount in controversy requirement. Plaintiff attacks the sufficiency of Defendant's evidence.

Plaintiff relies on several cases to argue "speculative arguments as to the amount of attorneys' fees. . . cannot be the basis relied upon for meeting the jurisdiction amount in controversy where there is no evidence as to what that amount will be." Dkt. No. 6 at 3. However, those cases relied on the fact that the defendants did not submit any evidence to

---

[3] Determining whether it is facially apparent that the amount in controversy exceeds $75,000 is a fact-specific inquiry. *Rangel v. Leviton Mfg. Co*., No. EP-12-CV-04-KC, 2012 WL 884909, at *3 (W.D. Tex. Mar. 14, 2012) (citing *Felton v. Greyhound Lines, Inc*., 324 F.3d 771, 774 (5th Cir.2003)). Courts consider the types of claims, the types of damages sought, and the underlying facts that suggest the extent of the damages. *Id*. Moreover, common sense may guide a court's analysis. *Id*. (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995); also citing *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213–14 (E.D.Tex.1996) (applying "common experience" to a remand analysis)).

support a finding of damages in excess of $75,000. *Kaiser v. State Farm Mut. Auto. Ins. Co.*, No. A-21-CV-01099-RP, 2022 WL 2719631, at *3-*4 (W.D. Tex. Jan. 21, 2022), *report and recommendation adopted*, No. 1:21-CV-1099-RP, 2022 WL 2761369 (W.D. Tex. Feb. 17, 2022) (noting no summary judgment-type evidence was submitted in support of removal and the face of the pleading referred generally to a $50,000 insurance policy and attorney's fees but did not plead actual damages); *Adams v. Nationwide Mut. Ins. Co.*, No. 3:02-CV-1607-2003, 2003 U.S. Dist. LEXIS 4973, 2003 WL 21251734, at *4 (N.D. Tex. 2003) (holding remand appropriate where the actual damages pled did not exceed $40,000 and no summary judgment-type evidence was submitted); *Fraire v. Travelers Home & Marine Ins. Co.*, No. EP-13-CV-00388-DCG, 2014 WL 12673695, at *5 (W.D. Tex. Feb. 12, 2014) (remanding to state court where the amount in controversy did not exceed $36,000 and no summary judgment-type evidence was submitted); *2400 Thomas Ass'n, Inc. v. Fireman's Fund Ins. Co.*, No. 3:11-CV-3527-N, 2012 U.S. Dist. LEXIS 205242, 2012 WL 13024100, at *3 (N.D. Tex. Sept. 10, 2012) (remanding to state court where amount in controversy did not exceed $50,000 and no summary judgment-type evidence was provided). Here, Defendant submitted a six-page declaration wherein Brittney M. Angelich, Defendant's counsel, provides an opinion, based on her seven years of experience and attempting to be as conservative as possible, regarding the amount of attorneys' fees Plaintiff will likely incur in this matter.

Plaintiff contends that Defendant's "self-serving affidavit" is "ripe with nothing more than Defendant's counsel's speculation and conjecture based upon her own experiences at her own law firm" and "provides no sufficient proof as to Plaintiff's counsel's hourly rate, Plaintiff's counsel's efficiency in conducting discovery whether written or through deposition, trial preparation, or any other aspect of Plaintiff's counsel's litigation strategy or intended plan of

litigation." Dkt. No. 8 at 4. However, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.[4] *Allen*, 63 F.3d at 1335 (citing *Garza v. Bettcher Indus. Inc*., 752 F. Supp. 753, 763 (E.D.Mich.1990)).

An affidavit that is competent summary judgment evidence "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Bryan v. Outdoor Motor Sports, L.L.C.*, No. 6:19-CV-476-JCB-KNM, 2020 WL 6482976, at *4 (E.D. Tex. Sept. 10, 2020), *report and recommendation adopted*, No. 6:19-CV-00476, 2020 WL 5757676 (E.D. Tex. Sept. 28, 2020) (quoting FED. R. CIV. P. 56(c)(4)). Conclusions in an affidavit based only on the attorney's legal experience are insufficient evidence to show the jurisdictional minimum without more. *Id*. (citing *McGlynn v. Huston*, 693 F. Supp. 2d 585, 594 (M.D. La. 2010)). For example, the court in *Bryan* found the following two paragraphs in an affidavit of defense counsel too conclusory to provide sufficient factual basis for the amount of fees in question:

1.  My practice has been and continues to be devoted to civil litigation. My office is located in Dallas County but I practice in counties throughout Texas, including Rusk County and the Eastern District of Texas. I am familiar with the reasonable fees charged by attorneys in Texas, including attorneys in the Rusk County area, for work similar to that involving the claims asserted in the above-captioned cause.

2.  I am familiar with the factors established by the Texas Supreme Court regarding the determination of the reasonableness of attorneys' fees, and I have taken all of those factors into consideration in arriving at an opinion as to the reasonable attorneys' fees and expenses likely to be incurred by Plaintiff in this matter. Based

---

[4] As urged by Defendant, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sowell v. W. Mut. Ins. Co*., No. SA-22-CV-01283-JKP, 2023 WL 157791, at *3 (W.D. Tex. Jan. 11, 2023) (quoting *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 89 (2014)). Where, as here, a plaintiff challenges a court's diversity jurisdiction, courts consider evidence to determine whether the defendant has shown, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold. *Id*. (citing *Dart Cherokee*, 574 U.S. at 88).

on such factors and my experience, it is my opinion that Plaintiff's reasonable and necessary attorney's fees through trial of this lawsuit will exceed $20,000.

*Bryan*, 2020 WL 6482976, at *5.

By contrast, the Angelich declaration contains twenty-six paragraphs providing a detailed discussion of the potential legal work required to achieve the desired outcome in the case. Specifically, Angelich states she has been actively engaged in the practice of law since 2016 and has represented clients involved in state and federal court proceedings, including disputes like this case. Angelich Decl., ¶ 2 (stating she is "familiar with the number of hours a case like this would require to work up and, eventually, take to trial"). It is her understanding, based on conversations with Plaintiff's counsel, that Plaintiff's attorneys investigate Plaintiff's claims prior to filing suit; in Angelich's experience, a conservative estimate for the time spent investigating Plaintiff's claims pre-suit is five hours and "drafting Plaintiff's Original Petition likely took three hours of attorney time." *Id*., ¶¶ 4, 5. According to Angelich, since Defendant was served with Plaintiff's petition, she has spent approximately one hour communicating with Plaintiff's counsel regarding this case. *Id*., ¶ 7. Additionally, Angelich states, in her experience through a "conservative estimate," that reviewing the Notice of Removal and drafting Plaintiff's motion to remand likely took five hours of attorney time. *Id*., ¶ 8. Based on these assertions, Angelich estimates Plaintiff's attorneys have likely already spent thirteen hours on this matter. *Id*., ¶ 9.

Angelich also opines, based on her experience, regarding how many hours Plaintiff's attorneys will work and bill for through trial. *Id*., ¶ 10. According to Angelich, at least the following discovery will need to be conducted: (1) participate in Rule 26(f) conference and prepare Joint Report (2 hours); (2) prepare written discovery (5 hours); (3) respond to written discovery (6 hours); (4) prepare and review document productions, including client

conferences (20 hours); (5) retain and designate an expert (5 hours); (6) prepare for and take at least two depositions – one corporate representative and one expert witness (20 hours); and (7) prepare for and defend at least one deposition – corporate representative (5 hours). *Id.*, ¶¶ 11-19. Based on her calculations, Plaintiff's attorneys will likely spend at least 82 hours of pre-trial work up to trial preparation. *Id.*, ¶ 20.

Based on her experience, the type of case, geographic region, and experience level of Plaintiff's attorneys, Angelich states Plaintiff's attorney's hourly rate is likely $200 per hour. *Id.*, ¶ 21. According to Angelich, "[m]ultiplying 82 hours of pre-trial work by Plaintiff's anticipated minimum billable rate of $200 equals $16,400. Adding $16,400 to the $59,450 in actual damages Plaintiff claims equates to $75,850." *Id.*, ¶ 22.

According to Angelich, Plaintiff's attorneys will likely spend an additional 32 hours for trial preparation and through trial. *Id.*, ¶¶ 23-25. Based on her seven years of experience, and attempting to be as conservative as possible, "the amount of attorneys' fees that Plaintiff has incurred combined with the fees it will incur through trial will be at least $26,000." *Id.*, ¶ 26.

In contrast to defense counsel's affidavit in *Bryan*, 2020 WL 6482976, at *5, Angelich's affidavit provides a sufficient factual basis to underly Defendant's assertions about Plaintiff's potential attorneys' fees. The Court, therefore, finds Defendant has met its burden to set forth sufficient summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000.

**3.    Whether Plaintiff has proven to a legal certainty that its claims do not exceed $75,000**

Defendant has met its burden; thus, in order to secure remand, Plaintiff must prove to a legal certainty that its claims do not exceed $75,000 or that it is legally bound to accept less than $75,000. *Metz*, 2021 WL 6773101, at *5 (citations omitted). Plaintiff does not cite a state statute

that limits its recovery to an amount below $75,000. Plaintiff did not stipulate to the amount in controversy in its original petition.[5] *Sowell*, 2023 WL 157791, at *3. Nor did Plaintiff provide any "clarification" of the jurisdictional question – through a post-removal affidavit or otherwise – regarding any potential attorney-fee amount.[6] *See, e.g., Bryan*, 2020 WL 6482976, at *4 (finding the plaintiff's attorney's post-removal affidavit provided "no clarification" because it stated "in a conclusory manner that fees will not be enough to raise the amount in controversy to the jurisdictional minimum").

## **RECOMMENDATION**

Plaintiff's failure to show to a legal certainty that its recovery will not exceed $75,000, combined with Defendant meeting its burden to set forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000, gives rise to the finding that Plaintiff's damages meet the jurisdictional threshold. For this reason, the undersigned concludes the amount in controversy requirement is met, diversity jurisdiction is established, and removal is proper, and therefore, recommends denying Plaintiff's motion to remand. Accordingly, it is

---

[5] The Fifth Circuit has recognized that a state court plaintiff's stipulating to recovery of damages less than $75,000 is binding, thereby defeating diversity removal. *See Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1060-61 (5th Cir. 2022) (determining that a stipulation in the plaintiff's state-court petition that his damages were "an amount less than $74,500" was "legally binding"). However, the federal court must assess the jurisdictional facts as of the time that the complaint is filed, bearing in mind that subsequent events cannot serve to "deprive the Court of jurisdiction once it has attached." *Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491, at *6 (E.D. Tex. July 20, 2023) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998)).

[6] Courts have allowed parties to clarify a state court petition where the jurisdictional question was ambiguous. *Emergency Staffing Sols. Inc v. Ozark Health Inc.*, No. 4:16-CV-00145-ALM-CAN, 2016 WL 6998683, at *4 (E.D. Tex. Nov. 7, 2016), *report and recommendation adopted sub nom. Emergency Staffing Sols. Inc. v. Ozark Health, Inc.*, No. 4:16-CV-145, 2016 WL 6996238 (E.D. Tex. Nov. 30, 2016) (citations omitted); *see also Bryan v. Outdoor Motor Sports, L.L.C.*, No. 6:19-CV-476-JCB-KNM, 2020 WL 6482976, at *4 (E.D. Tex. Sept. 10, 2020), *report and recommendation adopted*, No. 6:19-CV-00476, 2020 WL 5757676 (E.D. Tex. Sept. 28, 2020).

**RECOMMENDED** that Plaintiff's Motion to Remand and Brief in Support of Motion (Dkt. No. 6) be **DENIED**.

Objections

Within fourteen (14) days after service of the Magistrate Judge's report, any party must serve and file specific written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 8th day of November, 2023.


J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE